Davis v. Cahoon

GEO. T. DAVIS AND WIFE, ALMA LEE C. DAVIS v. CARL M. CAHOON
AND WIFE, CELIA G. CAHOON

No. 712SC227

(Filed 26 May 1971)

1. Evidence § 40— opinion testimony — jury qualified to draw conclusions

In this action for damages from the flooding of plaintiffs' lands and to enjoin such flooding, the trial court properly refused to allow male plaintiff to state his opinion as to how long his fields would have remained flooded had defendants not been operating their pumps, and as to why his lands stayed flooded for the period of time he had previously stated, since the witness had previously related, or could have related, all of the facts on which his conclusions were based, and the jury was as well qualified as the witness to draw inferences and conclusions from the facts.

2. Appeal and Error § 49— damage issue not reached by jury — exclusion of evidence

Where the jury did not reach the issue of damages, plaintiffs were not prejudiced by the exclusion of testimony by the male plaintiff as to his estimate of what his lands would have produced except for defendants' pumping operations, or by alleged misstatement of plaintiffs' contentions with respect to the portion of their crop loss that was caused by defendants' actions.

APPEAL by plaintiffs from *Hubbard, Judge,* 26 October 1970 Civil Session of Superior Court held in HYDE County.

Plaintiffs instituted this action for damages and to enjoin defendants from flooding plaintiffs' land. The issue answered by the jury was as follows: "Did the defendants by their pumping operations cause water to back up or stand on the plaintiffs' lands, as alleged in the Complaint?" The jury answered the issue "No." From the judgment entered thereon, plaintiffs appeal.

*George T. Davis for plaintiff appellants.*

*Wilkinson and Vosburgh by John A. Wilkinson for defendant appellees.*

VAUGHN, Judge.

Knowledge of the factual background of the case may be gained by reference to *Davis v. Cahoon,* 5 N.C. App. 46, 168 S.E. 2d 70, where this Court held that the evidence was sufficient to go to the jury and reversed a judgment of involuntary

nonsuit. The opinion in the earlier appeal also contains a pertinent discussion and application of the rules relating to the reciprocal rights and duties of landowners with respect to flow of waters. We will not, therefore, restate the facts or principles of law except as may be necessary to dispose of the assignments of error brought forward on this appeal.

[1] The canal which plaintiffs contend defendants obstructed serves as a common drainway for surface waters from lands of plaintiffs, defendants and others. The canal extends from U. S. Highway No. 264 to a tributary of the Pamlico Sound. The lands of plaintiffs are approximately one mile from the lands of defendants. The owners of the land bordering on the canal and lying between the lands of plaintiffs and defendants are not parties to this lawsuit. Defendants expedited the drainage water from their tract to the canal by means of a pump. Plaintiffs offered evidence which they contend tended to show that defendants' pumping wrongfully obstructed the natural flow of water in the canal, and, on the occasions alleged, caused water to back up and stand on plaintiffs' land for a longer period than it would have in the absence of such wrongful obstruction. Plaintiff George T. Davis testified that after a period of heavy rains in June of 1965 water stood on his land for at least a week and possibly longer. He was asked to state his opinion as to how long his fields would have remained flooded had the defendants not been operating their pump. Defendants' objection was sustained. If the answer had been allowed in evidence it would have been "three to four days." He was asked to state his opinion as to why his lands stayed flooded for the period of time that he had previously stated. Defendants' objection was sustained. The record discloses that the answer would have been "pumping operations being conducted by the defendants on their land designated in the pleadings as Tract No. 6." Objections to similar questions as to conditions of May 1966 were also sustained. Plaintiffs contend that the court erred in sustaining defendants' objections to the foregoing questions. We do not agree. The testimony was inadmissible for several reasons. It suffices here to say that the witness had previously related, or could have related, all of the facts on which his conclusions, of necessity, were based. No reason appears why the jury could not thus have had an adequate understanding of such facts. The jury was, therefore, as well qualified as the witness to draw inferences and conclusions from the facts. D.

---

Stansbury, The North Carolina Law of Evidence, § 124 (2d ed. 1963).

[2] Upon objection the court did not allow plaintiff George T. Davis to answer several questions seeking to elicit his estimate as to what his lands would have produced except for the pumping operations of the defendants. We note that Mr. Davis was allowed to estimate the percentage of loss to his crops which was caused by water damage. In this connection plaintiffs contend that the judge misstated their contentions with respect to what portion of this loss was caused by the defendants and the percentage of loss that they would have sustained had the pump not been operating. Although we do not agree with plaintiffs' contentions as to the exclusion of the evidence as to plaintiffs' estimates or the judge's instructions as to plaintiffs' contentions, it is not necessary to discuss them because the jury did not reach the issue of damages and plaintiffs were not prejudiced thereby.

On the first appeal of this case, the Court held that plaintiffs had offered sufficient evidence to get their case before the jury. The jury, after hearing the evidence of plaintiffs and defendants, has resolved the controversy adversely to plaintiffs. Although we have not discussed all of the numerous assignments of error brought forward and ably argued by plaintiffs, we have carefully considered each of them. We find no error which would warrant a new trial.

No error.

Chief Judge MALLARD and Judge PARKER concur.